JOHN J. STEFFEN, Appellant, v. ST. LOUIS QUARRY AND
CONSTRUCTION COMPANY, Respondent.

St. Louis Court of Appeals, April 18, 1899.

Practice, Appellate: FINDINGS SUPPORTED BY THE TESTIMONY. In
the case at bar the findings of the trial court are supported by the
weight of the testimony, and although the testimony is conflicting,
the judgment of the trial court will be sustained.

*Appeal from the St. Louis City Circuit Court.*—HON.
JACOB KLEIN, Judge.

AFFIRMED.

CHARLES & LACKEY for appellant.

A chattel mortgage is a creature of contract, and not of
law, and must be enforced in strict accordance with its terms.
A mortgagee must give credits for all amounts the mort-
gagor is justly entitled to, and if the court finds that he has
not done so, then the cost of this proceeding should fall upon
him. A mortgage securing a debt of a fixed amount, can
not be extended so as to become a lien for another and differ-
ent indebtedness not expressed. Jones on Chat. Mort.
[4 Ed.], secs. 79, 91 and 98; Morris v. Tillson, 81 Ill. 607,
loc. cit. 615; Mueller v. Provo, 80 Mich. 475; Martin v. Hol-
brook, 18 S. W. Rep. (Ark.) 1046.

No points and authorities for respondent.

BIGGS, J.—On the sixth of May, 1896, the plaintiff
executed and delivered to defendant a mortgage on certain
machinery which was used by plaintiff in crushing granite
and in making granite blocks. The plaintiff bought the ma-
chinery from defendant and the mortgage was given to se-
cure a balance of the purchase money, to wit, $1,590, which

amount was to be paid in monthly instalments of $400, the first instalment to become due sixty days after the date of the mortgage. It was stipulated in the mortgage that the payments might be made either in cash or in crushed granite, the price of the granite to be the subject of future agreement. The mortgage also provided that the possession of the property should remain with the plaintiff, but in case of default in the payment of the debt the defendant was authorized to take possession of it and to advertise it for sale at public auction. The defendant did so advertise it on April 2, 1897. The plaintiff instituted the present suit in equity to enjoin the sale and for an accounting. He charged in the bill that he had made various payments on the mortgage debt, for which the defendant had failed and refused to give him credit; that he had claims for damages against the defendant for refusing to accept granite shipped to it under the contract, and further that the defendant had advertised the property for sale without first obtaining possession of it as required by the mortgage. He also averred that the defendant was insolvent. He asked that the sale be enjoined, that an accounting be had, and that if the court found that there was anything due under the mortgage he proffered to pay it. The allegations of the bill were denied. Upon a hearing the temporary injunction was dissolved and the proceedings dismissed. The plaintiff has appealed.

It appeared upon the trial that the plaintiff was without money to conduct his business, and that the defendant furnished him money for that purpose, with the understanding that crushed granite should be delivered to defendant in St. Louis at $2 per ton; that the purchase price thereof should be applied first to the discharge of the advances made by defendant, and that the remainder, if any, should be applied on the mortgage debt. The evidence for the defendant tends to prove that under this arrangement the plaintiff furnished granite at the contract price, together with some cash,

amounting to $1,010.39, and that the advancements made by it to plaintiff amounted to $963.59, leaving a balance cf $46.80 to be credited on the mortgage debt, and that the debt was entitled to no other credit.    To avoid the force and effect of this evidence the plaintiff insists that as the granite was furnished under the agreement in the mortgage the purchase price thereof must be applied to the extinguishment of the mortgage debt and that it can not be diverted nor applied to the reimbursement of defendant for advances, although there was an oral agreement to that effect.    In support of this counsel invoke the principle found in the books, that "a mortgage securing a debt of a fixed amount can not be extended so as to become a lien for another and different indebtedness not expressed."    It needs no argument to show that this legal principle has no application whatever to the state of facts shown by this record.

Accepting the defendant's theory as correct, that is its rights under the oral agreement, first to apply the proceeds of the sales of granite to the payment of money advanced to plaintiff in carrying on his business, the only remaining matters of controversy at the trial were as to an order given by plaintiff to defendant on the Berry Coal Company for $225, for which he claims not to have received full

STATEMENT.       credit, the item of $22.80 charged in defendant's account for wrecking a crusher; also a debit item of $25 paid to Nathan Frank; also an item of $37.50, which defendant claims to have paid to the Hercules Powder Company for plaintiff, and $5.37 loss on five cars of granite which were shipped by plaintiff and afterwards resold by defendant to one Heman at a loss of $5.37.    The defendant contended that the resale was made under the order of plaintiff, with the understanding that he would stand the loss.    The circuit court sustained the defendant's account as presented, and our examination of the record leads us to the conclusion that the findings of the trial judge are

supported by the weight of the testimony.   The evidence is quite voluminous, and it would serve no good purpose for us to discuss it in detail.   It suffices to say that the testimony of the plaintiff was one way, which was opposed by the evidence of two or three witnesses introduced by the defendant.

Whether the defendant took possession of the property before advertising it for sale, there is some doubt under the evidence. The question was decided against the plaintiff on conflicting testimony, and we will not disturb the finding.   However we do not wish to be understood as definitely deciding that it was essential for the defendant to acquire possession of the property before it was authorized to advertise it for sale.   It may very well be argued that the law may be fully satisfied if the defendant had the property at the sale ready to deliver it to the purchaser.   Our conclusion is that the case was fairly tried and the judgment of the circuit court must be affirmed.   All concur.